UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIMBERLY TERRELL and KELLY DONAHUE, individually and on behalf of all others similarly situated | CIVIL ACTION NO. |
| **PLAINTIFFS** | |
| VERSUS | JUDGE |
| BWC HARVEY, LLC f/k/a BLACKWATER HARVEY, LLC | |
| **DEFENDANT** | **MAGISTRATE** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453, Defendant BWC Harvey, LLC f/k/a Blackwater Harvey, LLC ("BWC"), without waiving and specifically reserving any and all rights, defenses, objections and exceptions, hereby gives notice of its removal of the above-captioned matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and respectfully represents as follows:

## BACKGROUND

1.

Plaintiffs Kimberly Terrell and Kelly Donahue ("Plaintiffs") filed the present suit – a "Class Action Petition for Damages" ("Petition") – against BWC on or about June 8, 2022 in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 2022-5104. A copy of the Petition is attached hereto as Exhibit 1.

#100543216v1                                                  1

2.

Plaintiffs are the only named plaintiffs in the Petition, and BWC is the only named defendant in the Petition.

3.

Plaintiffs allege that they reside in Orleans Parish and that BWC is "a Delaware corporation" with its "corporate headquarters" in "Houston, Texas." Petition, ¶¶ 3-5.

4.

Plaintiffs contend that BWC owns and operates a "hazardous liquid storage facility located at 1805 Fourth Street, Harvey, Jefferson Parish, Louisiana (the 'Facility')." Petition, ¶ 1. They also contend that the Facility "has more than 50 storage tanks that are used to store various hazardous substances, including asphalt, acid, creosote, distillates, caustic soda, and various oils" and that the "storage and transportation of these substances generates highly odiferous noxious odors." Petition, ¶ 13.

5.

The main thrust of the Petition is Plaintiffs' contention that they "have been, and continue to be, invaded by fugitive noxious odors emitted from the Facility." Petition, ¶ 14. They claim that BWC "has failed to use adequate odor mitigation strategies, processes, technology and/or equipment to control fugitive emissions from the Facility and prevent those fugitive emissions from physically invading the homes and properties of the Plaintiffs . . . ." Petition, ¶ 17.

6.

Plaintiffs assert that BWC is liable under two different legal theories. In Cause of Action I, Plaintiffs claim BWC is liable for nuisance. Petition, ¶ 46, *et seq.* In Cause of Action II, Plaintiffs assert that BWC is negligent. Petition, ¶ 57, *et seq.*

7.

Plaintiffs bring the claims on behalf of themselves and a putative class under La. C. Civ. P. art. 591, *et seq.*, defined as "All owners/occupants and renters of residential property residing within one and three-quarters (1.75) miles of the Facility property boundary." Petition, ¶ 34. Plaintiffs state that there are "approximately 4,350 separate residences within the Class Area." Petition, ¶ 36.

8.

In the Petition, Plaintiffs allege wide-ranging injury, including the following by way of example: damage from "toxic" and "[n]oxious odors" that "have interfered with activities in the surrounding areas ('Class Area') and they have precluded the reasonable use and enjoyment of private and public spaces in those areas"; "odors [that] hinder [the] ability to sit outside and engage in outdoor activities"; odors that create a "cough" and can make an individual "light-headed"; odors that "get[] in the house" and "stay[] for a long time"; and odors that create "headaches," "migraine headaches," create complications for those with "COPD," "coat[] the back of [a] throat for hours," make "eyes burn," cause "burning [in the] throat, and interfere with the ability to "breathe." Petition, ¶¶ 14, 19, 21, 22, 23, 24, 25. In other words, Plaintiffs allege physical and personal injury, not just inconvenience.

9.

In addition, they also allege economic injuries, such as "property damage" and "damages in the form of diminished property values." Petition, ¶¶ 28, 29, 31.

10.

As damages, Plaintiffs seek "past, present or future damages," "including compensatory, injunctive, exemplary, and/or punitive relief." Petition ¶¶ 6, 56, 63.

## JURISDICTION

11.

This Court has diversity subject matter jurisdiction over this case on either of two grounds, as detailed below.

   I.   **Diversity Jurisdiction Under 28 U.S.C. § 1332(d) (the Class Action Fairness Act)**

12.

This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA").

13.

Jurisdiction exists under CAFA if the underlying lawsuit alleges that the matter is a "class action," the class has more than 100 members, "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2) and (d)(5)(B).

14.

In the Petition, Plaintiffs seek to certify the matter as a class action and they allege that the class exceeds more than 100 members.  Petition, ¶¶ 34, 35(a), 36.

15.

In addition, "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."  According to the Petition, Plaintiffs are and were citizens of the State of Louisiana, both at the time of filing the suit and at the time of removal. *See, e.g.,* Petition, ¶¶ 3-4. And BWC is and was a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Texas, both at the time of the filing of the

suit and at the time of removal, and therefore, is a citizen of the States of Delaware and Texas. Petition, ¶ 5.[1]

16.

Finally, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." The Petition does not specify a particular figure for the recovery of damages and attorneys' fees, but the facts in the Petition show that the amount placed in controversy exceeds $5,000,000.

17.

With regard to damages, as noted above, the Petition alleges wide ranging injury and seeks both compensatory and punitive damages for nuisance, personal and physical injury, property damage, and diminished property values. These types of damages can be substantial on an individual basis, as noted by the examples below.[2]

18.

The Petition contains references to individual putative class members' potential personal injury claims in numerous paragraphs, including that the alleged odors: cause a "cough" and can make an individual "light-headed," create "headaches," "migraine headaches," create complications for those with "COPD," "coat[] the back of [a] throat for hours," make "eyes burn," cause "burning [in the] throat, and interfere with the ability to "breathe." Petition, ¶¶ 22, 23, 24, 25. In *Bowling v. CITGO Petro. Corp.* 261 So. 3d 1014 (La. App. 3 Cir. 11/28/18), 2018 WL

---

[1] Under CAFA, limited liability companies are treated in the same manner as corporations for the purposes of determining citizenship. 28 U.S.C. § 1332(d)(10).

[2] To be clear, BWC denies liability and/or that Plaintiffs and the putative class are entitled to any recovery. The numbers outlined throughout this pleading for potential damages and attorneys' fees are merely what Plaintiffs have placed in controversy with the allegations in the Petition. BWC reserves any and all rights on these issues.

6199877, the plaintiffs filed suit following a release of slop oil and wastewater from a CITGO facility. The Louisiana Court of Appeals for the Third Circuit upheld the trial court's award of damages between $3,000 and $10,000 for twenty-four out of the twenty-six plaintiffs, "[f]inding many of the plaintiffs suffered some combination of persistent headaches, fatigue, nausea, sinus problems and sleeplessness, the trial court was satisfied this amounted to a detrimental alteration to their normal quality of life." *Id*. at 1033. The Petition places these same types of damages in controversy.

19.

When plaintiffs allege damages resulting from nuisance caused by intrusive odors, as Plaintiffs do in this action, courts have awarded compensatory damages if the plaintiffs meet their burden of proof. In *Acadian Heritage Realty, Inc. v. Lafayette,* 434 So. 2d 182, 185-187 (La. App. 3 Cir. 1983), landowners who owned property proximately located to a landfill that produced "peculiarly noxious" odors due to the defendant's violations of rules and regulations had a nuisance claim. The landowners were awarded $3,500 each in general damages for "the deprivation of use and enjoyment of the property to which the [residents] were subjected, along with the attendant worries and distress caused by the knowledge that the landfill was depreciating the value of the property and by the odors and foul smells to which [residents] were subjected. *Id.* at 188. In *Arnold v. Town of Ball,* 651 So. 2d 313, 316-317 (La. App. 3 Cir. 1995), the appellate court affirmed awards between $3,000 and $6,000 to property owners after finding that the town's decision to clear cut trees surrounding a sewerage treatment plant constituted a nuisance and that the property owners suffered "the loss of use of enjoyment of their property, mental anguish, irritation, anxiety, discomfort, and embarrassment."

20.

Courts have also awarded damages for the diminution of property values due to intrusive odors, which damages are sought in the Petition. In *Acadian Heritage Realty, Inc.*, the court found a valuation loss of $4,000 per acre. 434 So. 2d at 188-189. In *Town of Ball,* individual landowners were awarded between $1,246 and $19,000 for diminution of their property values. 652 So. 2d at 320.

21.

Thus, the amount Plaintiffs have placed in controversy here on a class wide basis for the class damages claims exceeds $5,000,000. Plaintiffs allege that there "are approximately 4,350 separate residences within the Class Area." Petition, ¶ 36. In order to reach the $5,000,000 threshold for CAFA jurisdiction, the damage award would only need to be about $1,150 per residence ($5,000,000 divided by 4,350) for all of the alleged myriad class damages (nuisance, personal and physical injury, property damage, and diminished property value).[3]

22.

Indeed, once attorneys' fees are taken into account, the damage award would only need to be about $862 per residence in order to satisfy CAFA. Plaintiffs seek class certification under "LA

---

[3] The discussion in this paragraph and the following paragraphs conservatively assumes for purposes of argument that there are only 4,350 class members. However, the number of class members placed at issue by Plaintiffs in the Petition is substantially more than 4,350, meaning that the potential damage award per class member required to trigger CAFA jurisdiction is much less than $1,150. First, according to the official U.S. census data, the average number of individuals residing in a household in Orleans and Jefferson Parishes is at least 2.4 individuals. *See* https://www.census.gov/quickfacts/orleansparishlouisiana and /jeffersonparishlouisiana. Second, the class definition is not limited to just current "owners/occupants and renters of residential property residing within one and three-quarters (1.75) miles of the Facility property boundary." Petition, ¶ 34. The class definition does not have a limiting time frame at all. Put simply, according to the allegations in the Petition, the number of class members is far more than 4,350 and is made up of tens of thousands of individuals.

C.C.P. art. 591, *et seq.*" (Petition, ¶35 and Prayer for Relief (A)), which articles include the attorneys' fees provision in La. C. Civ. P. art. 595(A). Courts in this district have found that, "a potential award of attorneys' fees to the class representatives must be included in the jurisdictional-amount calculus," when analyzing a CAFA removal. *See Shanley v. Chalmette Ref.*, *LLC*, 2014 U.S. Dist. LEXIS 187218, *7 (E.D. La. Oct. 3, 2014). The general rule of thumb is that attorney's fees are approximately 25% of the class recovery. *Gordon v. Air Liquide-Big Three Inc.,* 2014 U.S. Dist. LEXIS 19928, *30 (M.D. La. Jan. 27, 2014); *Evans v. Int'l Paper Co.,* 2011 U.S. Dist. LEXIS 69448, *14 (W.D. La. Jun. 28, 2011). Thus, the $5,000,000 threshold would be satisfied by a recovery of $862 per residence ($5,000,000 times 75% divided by 4,350 residences).

23.

In sum, the amount that Plaintiffs have placed in controversy for the class wide damages alone exceeds $5,000,000, but it certainly exceeds that sum when taking into account the attorneys' fees awardable under La. C. Civ. P. art. 595(A).

24.

Thus, all requirements for CAFA jurisdiction are satisfied here. This Court has subject matter jurisdiction over this case.

25.

No CAFA exception is relevant or applicable here, and Plaintiffs would bear the burden for proving any such exception.

**II.  Diversity Jurisdiction Under 28 U.S.C. § 1332(a)** *(Grant v. Chevron Phillips Chem. Co.,* **309 F.3d 864 (5th Cir. 2002))**

26.

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists in this putative class action suit because Plaintiffs and BWC are citizens of different states and the amount in controversy exceeds

the sum or value of $75,000 exclusive of interest and costs. Indeed, in *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002), the Fifth Circuit established a unique rule—applicable only to class actions removed from Louisiana state courts—that makes removal of Louisiana state court class actions essentially automatic when, as here, the named plaintiffs are citizens of a state that is different from the defendant's states of citizenship.

27.

As noted above, Plaintiffs are and were citizens of the State of Louisiana, both at the time of filing the suit and at the time of removal. *See, e.g.,* Petition, ¶¶ 3-4.

28.

Additionally, BWC is and was a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Texas, both at the time of the filing of the suit and at the time of removal. Petition, ¶ 5. BWC's sole member is BWC Terminals, Inc., which is and was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Texas, both at the time of the filing of the suit and at the time of removal, and therefore, is a citizen of the States of Delaware and Texas. Therefore, BWC is a citizen of the States of Delaware and Texas.

29.

Furthermore, the amount in controversy, exclusive of interest and costs, exceeds $75,000 because Plaintiffs' individual claims for damages and attorney's fees, separately or in combination, are above this jurisdictional threshold.[4]

---

[4] La. C. Civ. P. art. 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less

30.

Specifically, under *Grant*, in a putative class action such as this that is brought under La. C. Civ. P. art. 591, *et seq.*, the amount in controversy threshold is met under 28 U.S.C. § 1332(a) if the damages for a named plaintiff's individual claims and the attorneys' fees for the class, either separately or in combination, exceed $75,000, exclusive of interest and costs.  309 F.3d at 868.

31.

As noted by the analysis above in the CAFA section of this pleading, the potential attorneys' fee award under La. C. Civ. P. art. 595(A) far exceeds the $150,000 amount in controversy threshold for the two named Plaintiffs' claims.  In fact, the amount in controversy at issue for attorneys' fees is many multiples of $150,000.  All of those potential attorneys' fees are attributable to the two named Plaintiffs' claims under *Grant* for the purposes of determining whether the jurisdictional amount is satisfied.

32.

Thus, the amount in controversy for Plaintiffs' individual damages plus the potential attorney's fees for the class, either separately or in combination, exceed the $75,000 jurisdictional threshold for each of their claims.

33.

As set forth in *Grant*, once a court has jurisdiction over the named plaintiffs' claims, the court also has supplemental jurisdiction over the claims of the putative class under 28 U.S.C. § 1367.  This Court has subject matter jurisdiction over this case.

---

than the requisite amount is required."  There is no allegation in the Petition stating that a Plaintiff's recovery will be less than $75,000.

## **REMOVAL IS TIMELY AND PROPER**

34.

Plaintiffs filed the Petition on June 8, 2022, and BWC was not served until June 27, 2022. *See* Exhibits 2 and 3.  Thus, this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Petition on BWC.

35.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1446 and 1453, as the Civil District Court for the Parish of Orleans, State of Louisiana, is located within the district of the Eastern District of Louisiana.  28 U.S.C. § 98(a).

36.

Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders served on BWC prior to removal is attached to this Notice of Removal as Exhibits 1 and 2.

37.

By virtue of this Notice of Removal, BWC does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting personal jurisdiction and service, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and BWC reserves any and all such rights.

38.

Undersigned counsel certifies that a notice of filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.  Also, BWC will promptly provide written notice of the filing of this Notice of Removal to counsel for Plaintiffs.

39.

Based on the foregoing, this Court has original jurisdiction of this case.  Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453.

WHEREFORE, Defendant BWC Harvey, LLC f/k/a Blackwater Harvey, LLC respectfully prays that this Notice of Removal be deemed good and sufficient.

Respectfully submitted,

*Thomas A. Casey, Jr.*
THOMAS A. CASEY, JR. (LA 01291)
MEGHAN E. SMITH (LA 34097)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-8294
Facsimile:  (504) 589-8294
tcaseyjr@joneswalker.com
msmith@joneswalker.com

ALEX P. PROCHASKA (LA 31296)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone: (337) 593-7600
aprochaska@joneswalker.com

*Attorneys for Defendant, BWC Harvey, LLC f/k/a Blackwater Harvey, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the electronic filing system and that a copy of the foregoing pleading was served upon counsel for Plaintiffs by e-mail the same date.

*Thomas A. Casey, Jr.*